PER CURIAM.
We have for consideration the biennial report of The Florida Bar Juvenile Court Rules Committee (the Committee) proposing rules changes in accordance with Florida Rule of Judicial Administration 2.180(c). We have jurisdiction. See art. V, § 2(a), Fla. Const. Pursuant to Florida Rule of Judicial Administration 2.130(c)(3), the proposed changes were submitted to the Board of Governors of The Florida Bar for its approval, and the Board approved the changes unanimously.
The Committee has proposed amendments to Florida Rules of Juvenile Procedure 8.030, 8.031, 8.085, 8.110, 8.185, 8.201, 8.210, 8.225, 8.245, 8.255, 8.265, 8.275, 8.345, 8.525, and 8.635, and Florida Rules of Juvenile Procedure Forms 8.959, 8.960, 8.967, and 8.979. Further, the Committee has proposed new Form 8.929, Detention Order. The proposed changes were published for comment, and comments were received regarding rule 8.255 and new form 8.929. Oral argument was held in this case on May 10, 2002.
After reviewing the Committee’s proposals and the comments received and hearing oral argument, we adopt the Committee’s proposed changes; however, we make revisions to rule 8.255 and new form 8.929 as indicated below.
RULE 8.255
The Committee proposed that rule 8.255, General Provisions for Hearings, be amended to prohibit both general and special masters from conducting specific dependency hearings — namely, shelter hearings, contested dependency adjudicatory hearings, disposition hearings, and contested termination of parental rights adjudicatory hearings. The Committee farther proposed that the rule be amended to specify that the enumerated hearings shah be conducted by a judge. Finally, the Committee proposed to amend rule 8.255 to reiterate the requirement that all parties must consent to referral to a general or special master.
Multiple comments were received in opposition to amending rule 8.255 to prohibit masters from hearing certain types of cases. Some commentators claim that the amendment will overly restrict the duties of masters and will harm the administration of justice. Other commentators express the need for the roles of masters to be flexible so that they may assist the judicial circuits in whatever manner their services are needed. Finally, some commentators argue that any decision to change the role of masters should be made in conjunction with the Court’s ultimate resolution of the Revision 7/Article V funding issues that are currently being consid *221 ered by this Court.[1]
We conclude that the ultimate determination of the role of masters in dependency proceedings should be resolved in the larger context of the Revision 7 implementation. As we have stated, Florida’s children are our greatest resource, and adequate funding of juvenile judicial proceedings is of paramount importance:
Florida’s oft-repeated pledge that “our children come first” cannot ring hollow in — of all places — our halls of justice. Judges, prosecutors, public defenders and others serving in the juvenile system cannot hope to make a difference in the life of a single troubled child if they must contend with staggering caseloads made worse by the maldistribution of judicial resources.
See Amendment to Florida Rule of Juvenile Procedure 8.100(a), 753 So.2d 541, 545 (Fla.1999). We hesitate to take actions that could have a significant impact on the Florida judicial system’s ability to provide timely and efficient adjudication of juvenile dependency proceedings without considering the “big picture” of how funding for our judicial system will be allocated under the Revision 7 implementation. Therefore, we decline to limit the role of masters in juvenile proceedings by a rule of procedure until this Court has had time to consider the impact — practically and financially — that Revision 7 will have on the administration of juvenile justice.[2]
Nevertheless, the Committee has pointed out that the Florida Statutes require some of the proceedings cited in rule 8.255(i) to be conducted by “a judge without a jury.” See §§ 39.507 (dependency adjudicatory hearings), 39.809 (termination of parental rights adjudicatory hearings), Fla. Stat. (2001). Accordingly, although we do not approve the amendment prohibiting masters, from hearing specific types of proceedings, we amend rule 8.255 to state that “general and special masters may be appointed to hear issues involved in proceedings under this part, except as otherwise prohibited by law.” (Emphasis added.)
On the other hand, we fully agree with and approve the Committee’s proposal to amend rule 8.255 to reiterate the requirement that all parties must consent to re *222 ferral to a general or special master. At oral argument we were advised that there is no formal procedure in place for obtaining the parties’ consent to refer a dependency or termination of parental rights matter to a master.
In the past, this Court has removed prohibitions on masters hearing certain types of proceedings, but specifically has noted the requirement that all parties consent to the referral. See, e.g., In re Family Law Rules of Procedure, 663 So.2d 1049, 1051 (Fla.1995) (removing prohibition on general masters from hearing contempt proceedings, but noting that “under the rules governing masters, no matter shall be heard by a general master without the consent of all parties”). For this reason, we agree with and approve the Committee’s addition of language to rule 8.255(i) that likewise explicitly requires consent of all parties. Further, because we believe that a formal procedure for obtaining the parties’ consent to referral to a master in dependency and termination of parental rights proceedings is necessary, and because other rules of court currently have such a procedure in place, see, e.g., Fla. Fam. L.R.P. 12.490(b), we refer this matter back to the Committee for consideration of a rule of juvenile procedure for obtaining the parties’ consent.
FORM 8.929
The Committee created this new form specifically to incorporate the requirements of section 985.215(6), Florida Statutes (2001), which governs the payment of fees by parents or guardians to the Department of Juvenile Justice when a child has been placed into detention. In one section of the form, the parent or guardian is required to pay the Department of Juvenile Justice $20 per day for each day the child is in detention. However, section 985.215(6), Florida Statutes, which sets forth the required parental or guardian obligation, was amended in 2001 to reduce the obligation from $20 per day to $5 per day. See ch.2001-125, § 20, at 1045, Laws of Fla. Accordingly, we have revised the form so that it reflects the correct amount owed under the statute. Further, the proposed form provides that payment of the fees shall be made exclusively to the Department of Juvenile Justice. Although section 985.215(6), Florida Statutes, mentions payment “to the Department,” the 2001 Legislature added a new paragraph to the statute specifying that “[t]he clerk of court shall act as a depository for these fees.” See ch.2001-125, § 20, at 1046, Laws of Fla. Because exclusive reference “to the Department” as the collecting entity will preclude the use of the court clerk as an alternative means of collection, we amend the form so that each of the three references “to the Department of Juvenile Justice ... 32399-3100” is followed by the language “or to the clerk of the circuit court.”[3]
Accordingly, we amend the Florida Rules of Juvenile Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struek-through type. The Committee notes are offered for explanation only and are not adopted as an official part of the rules. Our thanks to the Committee and all the individuals who filed comments with this Court. The amendments shall become effective January 1, 2003, at 12:01 a.m.
It is so ordered.
ANSTEAD, C.J., and SHAW, WELLS, PARIENTE, LEWIS and QUINCE, JJ, and HARDING, Senior Justice, concur.

*223
APPENDIX

RULE 8.030. COMMENCEMENT OF FORMAL PROCEEDINGS
(a) Allegations as to Child. All proceedings shall be initiated by the filing of a petition by a person authorized by law to do so. A uniform traffic complaint may be considered a petition, but shall not be subject to the requirements of rule 8.035.
(b) Allegations as to Parents or Legal Guardians. In any delinquency proceeding in which the state is seeking payment of restitution or the performance of community service work by the child’s parents or legal guardians, or -any-other penalty under chapter 985, Florida-Statutes; a separate petition alleging the parents’ or legal guardians’ responsibility shall be filed and served on the parents or legal guardians of the child.
RULE 8.031. PETITION FOR PARENTAL SANCTIONS
(a) Contents. Each petition directed to the child’s parents or legal guardians shall be entitled a petition for parental sanctions and shall allege all facts showing the appropriateness of the requested sanction against the child’s parents or legal guardians.
(b) Verification. The petition shall be signed by the state attorney or assistant state attorney, stating under oath the petitioner’s good faith in fifing the petition.
(c) Amendments. At any time before the hearing at which parental sanctions are being sought, an amended petition for parental sanctions may be filed or the petition may be amended on motion. Amendments shall be freely permitted in the interest of justice and the welfare of the child. A continuance may be granted on motion and a showing that the amendment prejudices or materially affects any party.
RULE 8.085. PREHEARING MOTIONS AND SERVICE (a) Prehearing Motions.
(1) Motions in General. Every motion made before a hearing and any pleading in response to the motion shall be in writing and shall be signed by the party making the motion and the party’s attorney. This requirement may be waived by the court for good cause shown.
(2) Motion to Dismiss. All defenses not raised by a plea of not guilty or denial of the allegations of the petition shall be made by a motion to dismiss the petition. If a motion to dismiss is granted, the child who is detained under an order entered under rule 8.013 may be continued in detention under the said order upon the representation that a new or amended petition will be filed.
(3) Motion to Suppress. Any confession or admission obtained illegally or any evidence obtained by an unlawful search and seizure may be suppressed on motion by the child.
(A) Every motion to suppress shall clearly state the particular evidence sought to be suppressed, the reason for the suppression, and a general statement of the facts on which the motion is based.
(B) Before hearing evidence, the court shall determine if the motion is legally sufficient. -If it is not, the motion shall be denied. If the court hears the motion on its merits, the moving party shall present evidence in support thereof and the state may offer rebuttal evidence.
(4) Motion to Sever. A motion may be made for the severance of 2 or more counts in a multi-count petition, or for the severance of the cases of 2 or more children to be adjudicated in the same hearing. The court may grant motions for severance of counts and severance of jointly brought cases for good cause shown.
*224 (5) Time for Filing. Any motion to suppress, sever, or dismiss shall be made prior to the date of the adjudicatory hearing unless an opportunity to make such motion previously did not exist or the party making the motion was not aware of the grounds for the motion.
(6) Sworn Motions to Dismiss. Before the adjudicatory hearing the court may entertain a motion to dismiss on the ground that there are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the child. The facts on which such motion is based shall be specifically alleged and the motion sworn to by the child. The motion shall be filed a reasonable time before the date of the adjudicatory hearing. The state may traverse or demur to this motion. Factual matters alleged in it shall be deemed admitted unless specifically denied by the state in a traverse. The court, in its discretion, may receive evidence on any issue of fact necessary to decide the motion. The motion shall be dismissed if the state files a written traverse that with specificity denies under oath the material fact or facts alleged in the motion to dismiss. Any demurrer or traverse shall be filed a reasonable time before the hearing on the motion to dismiss.
(b) Service of Pleadings and Papers.
(1) When Required. Unless the court orders otherwise, every pleading subsequent to the initial petition, every order, every written motion, unless it is one as to which hearing ex parte is authorized, and every written notice filed in the case shall be served on each party; however, nothing herein shall be construed to require that a plea be in writing or that an application for witness subpoena be served.
(2) How Made. When service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court. Service upon the attorney or party shall be made by delivering a copy or by mailing it to the attorney or party’s last known address or, if no address is known, by leaving it with the clerk of the court. Service by mail shall be complete upon mailing. Delivery of a copy within this rule shall mean:
(A) handing it to the attorney or the party;
(B) leaving it at the attorney’s office, with the person in charge thereof;
(C) if there is no one in charge of the office, leaving it in a conspicuous place therein; or
(D) if the office is closed or the person to serve has no office, leaving it at his or her usual place of abode with some person of the family above 15 years of age and informing such person of the contents thereof; or
(E) transmitting it by facsimile to the attorney’s or party’s office with a cover sheet containing the sender's name, firm, address, telephone number, and facsimile number, the number of pages transmitted, and the recipient’s facsimile number. When service is made by facsimile, a copy shall also be served by any other method permitted by this rule. Facsimile service occurs when the transmission is complete.
(3) Filing. All original papers, copies of which are required to be served upon parties, must be filed with the court either before service or immediately thereafter.
(4) Filing with Court Defined. The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court except that the court may permit the papers to be filed with the court in which event the filing date shall be noted *225 thereon and the papers shall be transmitted to the office of the clerk.
(5) Certificate of Service. When any-authorized person shall in substance certify:
“I certify that a copy/copies has/have been furnished to (insert name or names) by (delivery) (mail) (fax) on (date).
Title”
the certificate shall be taken as prima facie proof of such service in compliance with all rules of court and law.
(6) People Who May Certify Service. Service of pleadings and orders required to be served as provided by subdivision (2) may be certified by an attorney of record, clerk or deputy clerk, court, or authorized agent of the Department of Juvenile Justice in the form provided in subdivision (5).
(c) Time for Service of Motions and Notice of Hearing. A copy of any written motion which may not be heard ex parte and a copy of the notice of the hearing thereof shall be served a reasonable time before the time specified for the hearing.
(d) Additional Time After Service by Mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of notice or other paper and the notice or paper is served by mail, 5 days shall be added to the prescribed period.
(e) Pleading to Be Signed by Attorney. Every written paper or pleading of a party represented by an attorney shall be signed in the attorney’s individual name by such attorney, whose address and telephone number, including area code, and Florida Bar number shall be stated, and who shall be duly licensed to practice law in Florida. The attorney may be required by an order of court to vouch for the authority to represent such party and to give the address of such party. Except when otherwise specifically provided by these rules or applicable statute, pleadings as such need not be verified or accompanied by affidavit.
(f) Pleading to Be Signed by Unrepresented Party. A party who has no attorney but represents himself or herself shall sign the written pleading or other paper to be filed and state his or her address and telephone number, including area code.
(g) Effect of Signing Pleading. The signature of a person shall constitute a certificate that the paper or pleading has been read; that to the best of the person’s knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading or paper is not signed, or is signed with intent to defeat the purpose of this rule, it may be stricken and the action may proceed as though the pleading or paper had not been served.
Committee Notes
1991 Amendment, (a)(6) This creates a procedure for dismissal similar to Florida Rule of Criminal Procedure 3.190(c)(4).
1992 Amendments, (d) Rules 8.240(c)(2) and 8.630(c)(2) allow 5 days for service by mail. This change conforms this rule.
(f) The current rule implies that a written pleading must be filed. No written pleadings are required.
(e) and (g) The language from (e) was moved to create this new subdivision. The current rule applies only to attorneys. These requirements also should apply to nonattorneys who sign and file papers. This rule conforms with proposed revisions to rules 8.230 and 8.640.
RULE 8.110. ADJUDICATORY HEARINGS
(a) Appearances; Pleas. The child shall appear before the court at the time *226 set and, unless a written plea has been filed, enter a plea of guilty, not guilty, or, with the consent of the court, nolo conten-dere.
(b) Preparation of Case. If the child pleads not guilty the court may proceed at once to an adjudicatory hearing, or may continue the case to allow sufficient time on the court calendar for a hearing or to give the state or the child a reasonable time for the preparation of the case.
(c) Trial by Judge. The adjudicatory hearing shall be conducted by the judge without a jury. At this hearing the court determines whether the allegations of the petition have been sustained.
(d) Testimony. The child may be sworn and testify in his or her own behalf. The child may be cross-examined as other witnesses. No child shall be compelled to give testimony against himself or herself, nor shall any prosecuting attorney be permitted to comment on the failure of the child to testify in his or her own behalf. A child offering no testimony in his or her own behalf except his or her own shall be entitled to the concluding argument.
(e) Joint and Separate Trials. When 2 or more children are alleged to have committed a delinquent act or violation of law, they shall be tried jointly unless the court in its discretion orders separate trials.
(f) Dismissal. If the court finds that the allegations in the petition have not been sustained, it shall enter an order so finding and dismissing the case.
(g) Dispositional Alternatives. If the court finds that the evidence supports the allegations of the petition, it may enter an order of adjudication or withhold adjudication as provided by law. If the pre-dispo-sition report required by law is available, the court may proceed immediately to disposition or continue the case for a disposition hearing. If the report is not available, the court will continue the case for a disposition hearing and refer it to the appropriate agency or agencies for a study and recommendation. If the case is continued the court may order the child detained.
(h) Degree of Offense. If in a petition there is alleged an offense which is divided into degrees, the court may find the child committed an offense of the degree alleged or of any lesser degree.
(i) Specifying Offense Committed. If in a petition more than one offense is alleged the court shall state in its order which offense or offenses it finds the child committed.
(j) Lesser Included Offenses. -If- in a petition-the offense alleged necessarily includes lesser offenses-the court may find ■the child- committed-sueh-a -lesser-offense. On a petition on which the child is to be tried for any offense, the court may find the child committed:
(1) an attempt to commit the offense, if the attempt is an offense and is supported by the evidence; or
(2) any offense that as a matter of law is a necessarily included offense or a lesser included offense of the offense charged in the petition and is supported by the evidence.
(k) Motion for Judgment of Dismissal. If at the close of the evidence for the petitioner, the court is of the opinion that the evidence is insufficient to establish a prima facie case of guilt against the child, it may, or on the motion of the state attorney or the child shall, enter an order dismissing the petition for insufficiency of the evidence.
RULE 8.185. COMMUNITY ARBITRATION
(a) Referral. A case may be referred to community arbitration as provided by law. The chief judge of each judicial circuit *227 shall maintain a list of qualified persons who have agreed to serve as community arbitrators for the purpose of carrying out the provisions of chapter §9985, Florida Statutes.
(b) Arbitrator Qualifications. Each community arbitrator or member of a community arbitration panel shall be selected pursuant to law and shall meet the following minimum qualification and training requirements:
(1) Be at least 18 years of age.
(2) Be a person of the temperament necessary to deal properly with cases involving children and with the family crises likely to be presented.
(3) Pass a law enforcement records check and a Department of Children and Family Services abuse registry background check, as determined by the written guidelines developed by the chief judge of the circuit, the senior circuit court judge assigned to juvenile cases in the circuit, and the state attorney.
(4) Observe a minimum of 3 community arbitration hearings conducted by an approved arbitrator in a juvenile case.
(5) Conduct at least 1 juvenile community arbitration hearing under the personal observation of an approved community arbitrator.
(6) Successfully complete a training program consisting of not less than 8 hours of instruction including, but not limited to, instruction in:
(A) conflict resolution;
(B) juvenile delinquency law;
(C) child psychology; and
(D) availability of community resources.
The chief judge of the circuit, the senior circuit judge assigned to juvenile cases in the circuit, and the state attorney shall develop specific written guidelines for the training program and may specify additional qualifications as necessary.
Committee Notes
1992 Adoption. This rule provides qualification and training requirements for arbitrators as required by section 985.304(3), Florida Statutes. It was the committee’s intention to set minimal qualifications and to allow local programs to determine additional requirements.
RULE 8.201. COMMENCEMENT OF PROCEEDINGS
(a) Commencement of Proceedings. Proceedings are commenced when:
(1) an initial shelter petition is filed;
(2)-a^child is taken into- custody by an authorized-agent of■ the-department or a law enforcement agency-;
(32) a petition alleging dependency is filed; or
(43) a petition for termination of parental rights is filed.
(b) File to Be Opened. Upon commencement of any dependency or termination of parental rights proceeding, the clerk shall open a file and assign a case number.
RULE 8.210. PARTIES AND PARTICIPANTS
(a) Parties. For the purpose of these rules the terms “party” and “parties” shall include the petitioner, the child, the par-entis) of the child, the department, and the guardian ad litem or the representative of the guardian ad litem program, when the program has been appointed.
(b) Additional Participants. “Participant” means any person who is not a party but who should receive notice of hearings involving the child. Participants include foster parents or the legal custodian of the child, identified prospective parents, actual *228 custodians of the child, grandparents entitled to priority for adoption consideration as provided by law, the state attorney, and any other person whose participation may be in the best interest of the child. The court may add additional participants. Participants may be granted leave by the court to be heard without the necessity of filing a motion to intervene and shall have no other rights of a party except as provided by law.
(c) Parent or Legal Custodian. For the purposes of these rules, when the phrase “parent(s) or legal custodian(s)” is used, it refers to the rights or responsibilities of the parent and, only if there is no living parent with intact parental rights, to the rights or responsibilities of the legal custodian who has assumed the role of the parent.
Committee Notes
1991 Amendment, (b) This section provides a mechanism to allow the Department of Health and Rehabilitative Services or the state attorney to become parties on notice to all other parties and the court.
1992 Amendment. Subdivision (b) allows additional parties, which should fall within the definition of “parties.” Sections 39.405(4)(b) and S9.437(4)(b), Florida Statutes, require service of summons upon the “actual custodians.” The result of the present' rule is that in many instances relatives become parties. In almost all termination of parental rights cases, the foster parents would become parties. If custodians should be parties in a particular case, rule 8.210(b) would allow them to be parties.
RULE 8.225. PROCESS, DILIGENT SEARCHES, AND SERVICE OF PLEADINGS AND PAPERS
(a) Summons and Subpoenas.
(1)Summons. Upon the filing of a dependency petition, the clerk shall issue a summons. The summons shall require the person on whom it is served to appear for a hearing at a time and place specified not less than 72 hours after service of the summons. A copy of the petition shall be attached to the summons.
(2) Subpoenas. Subpoenas for testimony before the court, for production of tangible evidence, and for taking depositions shall be issued by the clerk of the court, the court on its own motion, or any attorney of record for a party. Subpoenas may be served within the state by any person over 18 years of age who is not a party to the proceeding. In dependency and termination of parental rights proceedings, subpoenas also may be served by authorized agents of the department or the guardian ad litem.
(3) Service of Summons and Other Process to Persons Residing in the State. The summons and other process shall be served upon all parties other than the petitioner as required by law. The summons and other process may be served by authorized agents of the department or the guardian ad litem.
(A) Service by publication shall not be required for dependency hearings and shall be required only for service of summons in a termination of parental rights proceeding for parents whose identities are known but whose whereabouts cannot be determined despite a diligent search. Service by publication in these circumstances shall be considered valid service.
(B) The failure to serve a party or give notice to a participant in a dependency hearing shall not affect the validity of an order of adjudication or disposition if the court finds that the petitioner has completed a diligent search forthat failed to ascertain the identity or location of that party.
*229 (C) Personal appearance of any person in a hearing before the court eliminates the requirement for serving process upon that person.
(4) Service of Summons and Other Process to Persons Residing Outside of the State in Dependency Proceedings.
(A) Service of the summons and other process on parents, parties, participants, petitioners, or persons outside this state shall be in a manner reasonably calculated to give actual notice, and may be made:
(i) by personal delivery outside this state in a manner prescribed for service of process within this state;
(ii) in a manner prescribed by the law of the place in which service is made for service of process in that place in an action in any of its courts of general jurisdiction;
(iii) by any form of mail addressed to the person to be served and requesting a receipt; or
(iv) as directed by the court. Service by publication shall not be required for dependency hearings.
(B) Notice under this rule shall be served, mailed, delivered, or last published at least 20 days before any hearing in this state.
(C) Proof of service outside this state may be made by affidavit of the person who made the service or in the manner prescribed by the law of this state, the order pursuant to which the service is made, or the law of the place in which the service is made. If service is made by mail, proof may be in a receipt signed by the addressee or other evidence of delivery to the addressee.
(D) Personal appearance of any person in a hearing before the court eliminates the requirement for serving process upon that person.
(b) Paternity Inquiry and Diligent Search.
(1) Identity Unknown. If the identity of a parent is unknown, and a petition for dependency, shelter care, or termination of parental rights is filed, the court shall conduct the inquiry required by law. The information required by law may be submitted to the court in the form of a sworn affidavit executed by a person having personal knowledge of the facts.
(2) Location Unknown. If the location of a parent is unknown and that parent has not filed a permanent address designation with the court, the petitioner shall undertake a diligent search as required by law.
(3) Affidavit of Diligent Search. If the location of a parent is unknown after the diligent search has been completed, the petitioner shall file with the court an affidavit of diligent search executed by the person who made the search and inquiry.
(4) Continuing Duty. After filing an affidavit of diligent search in a dependency or termination of parental rights proceeding, the petitioner, and, if the court requires, the department, are under a continuing duty to search for and attempt to serve the parent whose location is unknown until excused from further diligent search by the court. The department shall report on the results of the continuing search at each court hearing until the person is located or until further search is excused by the court.

(5) Effect of Paternity Inquiry and Diligent Search.

(A) Failure to serve parents whose identity or residence is unknown shall not affect the validity of an order of adjudication or disposition if the court finds the petitioner has completed a diligent search.
*230 (B) If the court inquiry fails to identify any person as a parent or prospective parent, the court shall so find and may proceed without further notice.
(C) If the inquiry, diligent search, or subsequent search identifies and locates any person who may be a parent or prospective parent, the court shall require notice of the hearing to be provided to that person. That person must then be given an opportunity to become a party to the proceedings by completing a sworn affidavit of parenthood and filing it with the court or the department.
(c) Notice and Service of Pleadings and Papers.
(1) Notice of Arraignment Hearings in Dependency Cases. Notice of the arraignment hearing must be served on all parties with the summons and petition. The document containing the notice to appear in a dependency arraignment hearing must contain, in type at least as large as the balance of the document, the following or substantially similar language: “FAILURE TO PERSONALLY APPEAR AT THE ARRAIGNMENT HEARING CONSTITUTES CONSENT TO THE ADJUDICATION OF THIS CHILD (OR THESE CHILDREN) AS A DEPENDENT CHILD (OR CHILDREN) AND MAY ULTIMATELY RESULT IN LOSS OF CUSTODY OF THIS CHILD (OR CHILDREN).”
(2) Notice of Assessment of Child Support. Other than as part of a disposition order, if the court, on it own motion or at the request of any party, seeks to impose or enforce a child support obligation on any parent, all parties and participants are entitled to reasonable notice that child support will be addressed at a future hearing.
(3) Notice of Hearings to Participants and Parties Whose Identity or Address Are Known. All participants and parties whose identity and address are known must be notified of all proceedings and hearings subsequent to the initial hearing, unless otherwise provided by law. Notice to parents in proceedings involving shelter hearings and hearings resulting from medical emergencies must be that which is most likely to result in actual noticeT-aad^jf-the-parents are outside the state, in the manner- prescribed by this rule. It is the duty of the petitioner or moving party to notify all participants and parties known to the petitioner or moving party of all hearings subsequent to the initial hearing, except hearings which must be noticed by the court. Additional notice is not required if notice was provided to the parties in writing by the court or is contained in prior court orders and those orders were provided to the participant or party.
(4) Service of Pleadings, Orders, and Papers. Unless the court orders otherwise, every pleading, order, and paper filed in the action after the initial petition, shall be served on each party or the party’s attorney. Nothing herein shall be construed to require that a plea be in writing or that an application for witness subpoena be served.
(5) Method of Service. When service is required or permitted to be made upon a party or participant represented by an attorney, service shall be made upon the attorney unless service upon the party or participant is ordered by the court.
(A) Service is excused if the identity or residence of the party or participant is unknown and a diligent search for that person has been completed in accordance with law.
(B) Service upon the attorney shall be made by delivering a copy to the attorney or by mailing it to the attorney’s last known address.
*231 (C) Delivery of a copy within this rule shall mean:
(i) handing it to the attorney;
(ii) leaving it at the attorney’s office with the person in charge thereof; or
(iii) if there is no one in charge of the office, leaving it a conspicuous place therein; or
(iv) transmitting it by facsimile to the attorney’s or party’s office with a cover sheet containing the sender’s name, firm, address, telephone number, and facsimile number, the number of pages transmitted, and the recipient’s facsimile number. When service is made by facsimile, a copy shall also be served by any other method permitted by this rule. Facsimile service occurs when transmission is complete.
(D) If the party or participant is not represented by an attorney, service of all pleadings or papers shall be upon the party or participant. Service may be made by mail to the party’s or participant’s permanent mailing address, if one has been provided to the court; to the last known address, if a permanent mailing address has not been provided to the court; or by leaving it at their usual place of abode with some person of their family above 15 years of age and informing such person of the contents.
(E) Service by mail shall be complete upon mailing.
(6) Filing. The filing of pleadings and other papers with the court as required by these rules shall be made by filing the original with the clerk of the court either before service or immediately thereafter. The court may permit the papers to be filed with it, in which event the filing date shall be noted thereon and the papers shall be transmitted to the office of the clerk.
(7) Certificate of Service. When any authorized person shall in substance certify:
“I certify that a copy/copies has/have been furnished to (insert names or names) by (delivery) (mail) (fax) on (date). Title”
this certificate shall be taken as prima facie proof of such service in compliance with all rules of court and law. The certificate must be signed by the attorney of record, clerk or deputy clerk, judicial assistant, or judge.
RULE 8.245. DISCOVERY
(a) Scope of Discovery. Unless otherwise limited by the court in accordance with these rules, the scope of discovery is as follows:
(1) In General. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the hearing if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
(2) Claims of Privilege or Protection of Trial Preparation Materials. When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and de *232 scribe the nature of the document, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will allow other parties to assess the applicability of the privilege or protection.
(b) Required Disclosure.
(1) At any time after the filing of a shelter petition, or petition alleging a child to be a dependent child, or a petition for termination of parental rights, on written demand of any party, the party to whom the demand is directed shall disclose and permit inspecting, copying, testing, or photographing matters material to the cause. If the child had no living parent with intact parental rights at the time the dependency allegations arose, then the person who was serving as the legal custodian of the child at that time is entitled to obtain discovery during the pendency of a shelter or dependency petition.
(2) The following information shall be disclosed by any party upon demand:
(A) The names and addresses of all persons known to have information relevant to the proof or defense of the petition’s allegations.
(B) The statement of any person furnished in compliance with the preceding paragraph. The term “statement” as used herein means a written statement made by said person and signed or otherwise adopted or approved by the person, or a stenographic, mechanical, electrical, or other recording, or a transcript thereof, or which is a substantially verbatim recital of an oral statement made by said person to an officer or agent of the state and recorded contemporaneously with the making of such oral statement. The court may prohibit any party from introducing in evidence the material not disclosed, so as to secure and maintain fairness in the just determination of the cause.
■ (C) Any written or recorded statement and the substance of any oral statement made by the demanding party or a person alleged to be involved in the same transaction. If the number of oral statements made to any person are so numerous that, as a practical matter, it would be impossible to' list the substance of all the oral statements,' then the party to whom the demand is directed will disclose that person’s identity and the fact that this person has knowledge of numerous statements. This disclosure will allow the demanding party to depose that person.
. (D) Tangible papers or objects belonging to the demanding party which are to be used at the adjudicatory hearing.
(E) Reports or statements of experts, including results of physical or mental examinations and of scientific tests, experiments, or comparisons.
(3)The disclosures required by subdivision (a) of this rule shall be made within 610 days from the receipt of the demand therefor. Disclosure may be made by allowing the requesting party to review the files of the party from whom discovery is requested after redaction of nondiscovera-ble information.
(c) Limitations on Disclosure.
(1) Upon application, the court may deny or partially restrict disclosure authorized by this rule if it finds there is a substantial risk to any person of physical harm, intimidation, bribery, economic reprisals, or unnecessary annoyance or embarrassment resulting from such disclosure, which outweighs any usefulness of the disclosure to the party requesting it.
(2) Disclosure shall not be required of legal research or of records, correspondence, or memoranda, to the extent that they contain the opinion, theories, or conclusions of the parties’ attorneys or members of their legal staff.
*233 (d) Production of Documents and Things for Inspection and Other Purposes.
(1) Request; Scope. Any party may request any other party
(A) to produce and permit the party making the request, or someone acting on the requesting party’s behalf, to inspect and copy any designated documents, including writings, drawings, graphs, charts, photographs, phono-records, and other data compilations from which information can be obtained, translated, if necessary, by the party to whom the request is directed through detection devices into reasonably usable form, that constitute or contain matters within the scope of subdivision (a) and that are in the possession, custody, or control of the party to whom the request is directed; and
(B) to inspect and copy, test, or sample any tangible things that constitute or contain matters within the scope of subdivision (a) and that are in the possession, custody, or control of the party to whom the request is directed.
(2) Procedure. Without leave of court the request may be served on the petitioner after commencement of proceedings and on any other party with or after service of the summons and initial petition on that party. The request shall set forth the items to be inspected, either by individual item or category, and describe each item and category with reasonable particularity. The request shall specify a reasonable time, place, and manner of making the inspection or performing the related acts. The party to whom the request is directed shall serve a written response within 15 days after service of the request, except that a respondent may serve a response within 30 days after service of the process and initial pleading on that respondent. The court may allow a shorter or longer time. For each item or category the response shall state that inspection and related activities will be permitted as requested unless the request is objected to, in which event the reasons for the objection shall be stated. If an objection is made to part of an item or category, the part shall be specified. When producing documents, the producing party shall either produce them as they are kept in the usual course of business or shall identify them to correspond with the categories in the request. The party submitting the request may move for an order under subdivision (k) concerning any objection, failure to respond to the request, or any part of it, or failure to permit inspection as requested.
(3) Persons Not Parties. This rule does not preclude an independent action against a person not a party for production of documents and things.
(4) Filing of Documents. Unless required by the court, a party shall not file any of the documents or things produced with the response. Documents or things may be filed when they should be considered by the court in determining a matter pending before the court.
(e) Production of Documents and Things Without Deposition.
(1) Request; Scope. A party may seek inspection and copying of any documents or things within the scope of subdivision (d)(1) from a person who is not a party by issuance of a subpoena directing the production of the documents or things when the requesting party does not seek to depose the custodian or other person in possession of the documents or things.
(2) Procedure. A party desiring production under this rule shall serve notice on every other party of the intent to serve a subpoena under this rule at least 5 days before the subpoena is issued if service is by delivery and 10 days before the subpoe *234 na is issued if service is by mail. The proposed subpoena shall be attached to the notice and shall state the time, place, and method for production of the documents or things, and the name and address of the person who is to produce the documents or things, if known, and if not known, a general description sufficient to identify the person or the particular class or group to which the person belongs; shall include a designation of the items to be produced; and shall state that the person who will be asked to produce the documents or things has the right to object to the production under this rule and that the person will not be required to surrender the documents or things. A copy of the notice and proposed subpoena shall not be furnished to the person on whom the subpoena is to be served. If any party serves an objection to production under this rule within 10 days of service of the notice, the documents or things shall not be produced under this rule and relief may be obtained under subdivision (g).
(3)Subpoena. If no objection is made by a party under subdivision (e)(2), an attorney of record in the action may issue a subpoena or the party desiring production shall deliver to the clerk for issuance a subpoena together with a certificate of counsel or pro se party that no timely objection has been received from any party, and the clerk shall issue the subpoena and deliver it to the party desiring production. The subpoena shall be identical to the copy attached to the notice and shall specify that no testimony may be taken and shall require only production of the documents or things specified in it. The subpoena may give the recipient an option to deliver or mail legible copies of the documents or things to the party serving the subpoena. The person upon whom the subpoena is served may condition the preparation of copies on the payment in advance of the reasonable costs of preparing the copies. The subpoena shall require production only in the county of the residence of the custodian or other person in possession of the documents or things or in the county where the documents or things are located or where the custodian or person in possession usually conducts business. If the person upon whom the subpoena is served objects at any time before the production of the documents or things, the documents or things shall not be produced under this rule, and relief may be obtained under subdivision (g).
(4) Copies Furnished. If the subpoena is complied with by delivery or mailing of copies as provided in subdivision (e)(3), the party receiving the copies shall furnish a legible copy of each item furnished to any other party who requests it upon the payment of the reasonable cost of preparing the copies.
(5) Independent Action. This rule does not affect the right of any party to bring an independent action for production of documents and things.
(f) Protective Orders. On motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense that justice requires, including one or more of the following:
(1) that the discovery not be had;
(2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place;
(3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;
*235 (4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters;
(5) that discovery be conducted with no one present except persons designated by the court;
(6) that a deposition after being sealed be opened only by order of the court;
(7) that confidential research or information not be disclosed or be disclosed only in a designated way; and
(8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.
If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or person provide or permit discovery.
(g) Depositions.
(1) Time and Place.
(A) At any time after the filing of the petition alleging a child to be dependent or a petition for termination of parental rights, any party may take the deposition upon oral examination of any person who may have information relevant to the allegations of the petition.
(B) The deposition shall be taken in a building where the adjudicatory hearing may be held, in such other place as agreed upon by the parties, or where the trial court may designate by special or general order. A resident of the state may be required to attend an examination only in the county wherein he or she resides, is employed, or regularly transacts business in person.
(2) Procedure.
(A) The party taking the deposition shall give written notice to each other party. The notice shall state the time and place the deposition is to be taken and the name of each person to be examined.
(B) Upon application the court or its clerk shall issue subpoenas for the persons whose depositions are to be taken.
(C) After notice to the parties the court, for good cause shown, may extend or shorten the time and may change the place of taking.
(D) Except as otherwise provided by this rule, the procedure for taking the deposition, including the scope of the examination and obtaining protective orders, shall be the same as that provided by the Florida Rules of Civil Procedure.
(3)Use of Deposition. Any deposition taken pursuant hereto may be used at any hearing covered by these rules by any party for the following purposes:
(A) For the purpose of impeaching the testimony of the deponent as a witness.
(B) For testimonial evidence, when the deponent, whether or not a party, is unavailable to testify because of one or more of the following reasons:
(i) He or she is dead.
(ii) He or she is at a greater distance than 100 miles from the place of hearing or is out of the state unless it appears that the absence of the witness was procured by the party offering the deposition.
(iii) The party offering the deposition has been unable to procure the attendance of the witness by subpoena.
(iv) He or she is unable to attend or testify because of age, illness, infirmity, or imprisonment.
(v) It has been shown on application and notice that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testi *236 mony of witnesses orally in open court, to allow the deposition to be used.
(vi) The witness is an expert or skilled witness.
(4) Use of Part of Deposition. If only part of a deposition is offered in evidence by a party, an adverse party may require the party to introduce any other part that in fairness ought to be considered with the part introduced, and any party may introduce any other parts.
(5) Refusal to Obey Subpoena. A person who refuses to obey a subpoena served upon the person for the taking of a deposition may be adjudged in contempt of the court from which the subpoena issued.
(6) Limitations on Use. Except as provided in subdivision (3), no deposition shall be used or read in evidence when the attendance of the witness can be procured. If it shall appear to the court that any person whose deposition has been taken has absented himself or herself by procurement, inducements, or threats by or on behalf of any party, the deposition shall not be read in evidence on behalf of that party.
(h) Perpetuating Testimony Before Action or Pending Appeal.
(1) Before Action.
(A)Petition. A person who desires to perpetuate the person’s own testimony or that of another person regarding any matter that may be cognizable in any court of this state may file a verified petition in the circuit court in the county of the residence of any expected adverse party. The petition shall be entitled in the name of the petitioner and shall show:
(i)that the petitioner expects to be a party to an action cognizable in a court of Florida, but is presently unable to bring it or cause it to be brought;
(ii) the subject matter of the expected action and the person’s interest therein;
(iii) the facts which the person desires to establish by the proposed testimony and the reasons for desiring to perpetuate it;
(iv) the names or a description of the persons expected to be adverse parties and their names and addresses so far as known; and
(v) the names and addresses of the persons to be examined and the substance of the testimony expected to be elicited from each and asking for an order authorizing the petitioner to take the deposition of the persons to be examined named in the petition for the purpose of perpetuating their testimony.
(B) Notice and Service. The petitioner shall thereafter serve a notice on each person named in the petition as an expected adverse party, together with a copy of the petition, stating that the petitioner will apply to the court at a time and place therein for an order described in the petition. At least 20 days before the date of the hearing, the notice shall be served either within or without the county in the manner provided by law for serving of summons but if such service cannot with due diligence be made on any expected adverse party named in the petition, the court may make an order for service by publication or otherwise and shall appoint an attorney for persons not served in the manner provided by law for service of summons who shall represent them and, if they are not otherwise represented, shall cross-examine the deponent.
(C) Order and Examination. If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or describing the persons *237 whose depositions may be taken and specifying the subject matter of the examination and whether the deposition shall be taken on oral examination or written interrogatories. The deposition may then be taken in accordance with these rules and the court may make orders in accordance with the requirements of these rules. For the purpose of applying' these rules to depositions for perpetuating testimony, each reference therein to the court in which the action is pending shall be deemed to refer to the court in which the petition for such deposition was filed.
(D)Use of Deposition. If a deposition to perpetuate testimony is taken under these rules, it may be used in any action involving the same subject matter subsequently brought in any court of Florida in accordance with the provisions of subdivision (g)(3).
(2) Pending Appeal. If an appeal has been taken from a judgment of any court or before the taking of an appeal if the time therefor has not expired, the court in which the judgment was rendered may allow the taking of the depositions of witnesses to perpetuate their testimony for use in the event of further proceedings in the court. In such case the party who desires to perpetuate the testimony may make a motion for leave to take the deposition upon the same notice and service as if the action were pending in the court. The motion shall show the names and addresses of persons to be examined and the substance of the testimony expected to be elicited from each and the reasons for perpetuating the testimony. If the court finds that the perpetuation is proper to avoid a failure or delay in justice, it may make orders of the character provided for by this rule and thereupon the deposition may be taken and used in the same manner and under the same conditions as are prescribed in these rules for depositions taken in actions pending in the court.
(3) Perpetuation Action. This rule does not limit the power of a court to entertain an action to perpetuate testimony.
(i)Rules Governing Depositions of Children Under 16.
(1) The taking of a deposition of a child witness or victim under the age of 16 may be limited or precluded by the court for good cause shown.
(2) The court after proper notice to all parties and an evidentiary hearing, based on good cause shown, may set conditions for the deposition of a child under the age of 16 including:
(A) designating the place of the deposition;
(B) designating the length of time of the deposition;
(C) permitting or prohibiting the attendance of any person at the deposition;
(D) requiring the submission of questions before the examination;
(E) choosing a skilled interviewer to pose the questions;
(F) limiting the number or scope of the questions to be asked; or
(G) any other conditions the court feels are necessary for the protection of the child.
(3) Good cause is shown based on, but not limited to, one or more of the following considerations:
(A) The age of the child.
(B) The nature of the allegations.
(C) The relationship between the child victim and the alleged abuser.
(D) The child has undergone previous interviews for the purposes of criminal or civil proceedings that were recorded *238 either by videotape or some other manner of recording and the requesting party has access to the recording.
(E) The examination would adversely affect the child.
(F) The manifest best interests of the child require the limitations or restrictions.
(4) The court, in its discretion, may order the consolidation of the taking of depositions of a child under the age of 16 when the child is the victim or witness in a pending proceeding arising from similar facts or circumstances.
(j) Supplemental Discovery. If, subsequent to compliance with these rules, a party discovers additional witnesses, evidence, or material which the party would have been under a duty to disclose or produce at the time of such previous compliance, the party shall promptly disclose or produce such witnesses, evidence, or material in the same manner as required under these rules for initial discovery.
(k) Sanctions.
(1) If at any time during the course of the proceedings, it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or with an order issued pursuant to an applicable discovery rule, the court may:
(A) order such party to comply with the discovery or inspection of materials not previously disclosed or produced;
(B) grant a continuance;
(C) order a new hearing;
(D) prohibit the party from calling a witness not disclosed or introducing in evidence the material not disclosed; or
(E) enter such order as it deems just under the circumstances.
(2) Willful violation by counsel of an applicable discovery rule or an order issued pursuant thereto may subject counsel to appropriate sanction by the court.
Committee Notes
1991 Amendment, (a)(1) Termination of parental rights proceedings have been added to discovery procedures.
RULE 8.255. GENERAL PROVISIONS FOR HEARINGS
(a) Presence of Counsel. The department must be represented by an attorney at every stage of these proceedings.
(b) Presence of Child. The child has a right to be present at the hearing unless the court finds that the child’s mental or physical condition or age is such that a court appearance is not in the best interest of the child. Any party may file a motion to require or excuse the presence of the child.
(c) Separate Examinations. The child and the parents, caregivers, or legal custodians of the child may be examined separately and apart from each other.
(d) Examination of Child; Special Protections.
(1) Testimony by Child. A child may be called to testify in open court by any party to the proceedingT or the court, and may be examined or cross-examined.
(2) Im-Camera Examination.
(A) Upon motion and hearing, the child may be examined by the court outside the presence of other parties as provided by law. The court shall assure that proceedings are recorded, unless otherwise stipulated by the parties.
(B) The motion may be filed by any party or the trial court on its own motion.
(C) The court shall make specific written findings of fact, on the record, as to the basis for its ruling. These findings may include but are not limited to:
(i) the age of the child;
*239 (ii) the nature of the allegation;
(iii) the relationship between the child and the alleged abuser;
(iv) the likelihood that the child would suffer emotional or mental harm if required to testify in open court;
(v) whether the child’s testimony is more likely to be truthful if given outside the presence of other parties;
(vi) whether cross-examination would adversely affect the child; and
(vii) the manifest best interest of the child.
(D) The child may be called to testify by means of closed-circuit television or by videotaping as provided by law.
(e) Invoking the Rule. Prior-toBefore the examination of any witness the court may, and on the request of any party shall, exclude all other witnesses. The court may cause witnesses to be kept separate and to be prevented from communicating with each other until all are examined.
(f) Continuances. As permitted by law, the court may grant a continuance before or during a hearing for good cause shown by any party.
(g) Record. A record of the testimony in all hearings shall be made by an official court reporter, a court approved stenographer, or a recording device. The records of testimony shall be preserved as required by law. Official records of testimony shall be transcribed only on order of the court.
(h) Notice. WhereWhen these rules do not require a specific notice, all parties will be given reasonable notice of any hearing.
(i) Masters. Pursuant to Florida Rule of Civil Procedure 1.490, including the requirement of consent of all parties, both general and special masters may be appointed to hear issues involved in proceedings under this part, except as otherwise prohibited by law.
Committee Notes
1991 Amendment, (b) This change allows a child to be present instead of mandating the child’s presence when the child’s presence would not be in his or her best interest. The court is given the discretion to determine the need for the child to be present.
1992 Amendment. This change was made to reflect a moderated standard for in-camera examination of a child less rigid than the criminal law standard adopted by the committee in the 1991 rule revisions. RULE 8.265. MOTION FOR REHEARING
(a) Basis. After the court has entered an order, any party may move for rehearing upon one or more of the following grounds:
(1) That the court erred in the decision of any matter of law arising during the hearing.
(2) That a party did not receive a fair and impartial hearing.
(3) That any party required to be present at the hearing was not present.
(4) That there exists new and material evidence, which, if introduced at the hearing would probably have changed the court’s decision and could not with reasonable diligence have been discovered before and produced at the hearing.
(5) That the court is without jurisdiction of the proceeding.
(6) That the judgment is contrary to the law and evidence.
(b) Time and Method.
(1) A motion for rehearing may be made and ruled upon immediately after the court announces its judgment but must *240 be made within 10 days of the entry of the order.
(2) If the motion is made in writing, it shall be served as provided in these rales for service of other pleadings.
(3) A motion for rehearing shall not toll the time for the taking of an appeal.
(c) Court Action.
(1) A rehearing may be granted to all or any of the parties on all or any part of the issues. All orders granting a rehearing shall state the specific issues to be reheard.
(2) If the motion for rehearing is granted the court may vacate or modify the order or any part thereofof it and allow additional proceedings as it deems just. It may enter a new judgment, and may order or continue the child in detentions shelter or out-of-home placement pending further proceedings.
(3) The court on its own initiative may vacate or modify any order within the time limitation provided in subdivision (b). RULE 8.275. SUPERSEDEAS ON APPEAL
(a) Termination of Parental — Rights, The taking of an appeal shall-operafe-as-a supersedeas — ispeases involving a petition ■f&p-fcermination of parental rights,--but-the child' ■ shall.continue - -in- — an out-of-home placement under the order until the-appeal isdecided.
(b) Other Cases. — In all other -cases 'the taking of an appeal shall not operate' as a supersedeas, but the court in considering ■the welfare and best interest of the child may grant a supersedeas in its discretion on such conditions as it-may-deter-mine-are appropriate.
(c-) — Preeminence of Rule. — This rale shall be to-the-eKclusion-of-any-other-coart rule providing-for-supersedeas on appeal.
Rule 8.345. Post-Disposition Relief
(a) Motion for Modification of Placement. A child who has been placed in his or her own home, in the home of a relative, or in some other place, under the supervision or legal custody of the department, may be brought before the court by the department or any interested person on a motion for modification of placement. If neither the parents, the legal custodian, nor any appointed guardian ad litem or attorney ad litem object to the change, then the court may enter an order making the change in placement without a hearing. If the parents, the legal custodian, or any appointed guardian ad litem or attorney ad litem object to the change of placement, the court shall conduct a hearing and thereafter enter an order changing the placement, modifying the conditions of placement, continuing placement as previously ordered, or placing the child with the department or a licensed child-caring agency.
(b) Motion for Termination of Supervision or Jurisdiction. Any party requesting termination of agency supervision or the jurisdiction of the court or both shall do so by written motion or in a written report to the court. The court shall hear all parties present and enter an order terminating supervision or terminating jurisdiction and supervision or continuing them as previously ordered. The court shall not terminate jurisdiction unless the child is returned to the parent or — is deemed by-the court to -have achieved per-■mane'ne-y-with-^ar-relafive-or-ofhe'r-adult and the child has been in the placement for at least 6 months, the child is adopted, or the child attains the age of 18.
RULE 8.525. ADJUDICATORY HEARINGS
(a) Hearing by Judge. The adjudicatory hearing shall be conducted by the judge without a jury utilizing the rules of evi *241 dence in use in civil cases. At this hearing the court shall determine whether the elements required by law for termination of parental rights have been established by clear and convincing evidence.
(b) Time of Hearing. The adjudicatory hearing shall be held within 45 days after the advisory hearing, unless all necessary parties stipulate to some other hearing date. Reasonable continuances may be granted for purpo'ses of investigation, discovery, procuring counsel or witnesses, or for other good cause shown.
(c) Examination of Witnesses. A party may call any person, including a child, as a witness. A party shall have the right to examine or cross-examine all witnesses.
(d) Presence of Parties. All parties have the right to be present at all termination hearings. A party may appear in person or, at the discretion of the court for good cause shown, by an audio or audiovisual device. No party shall be excluded from any hearing unless so ordered by the court for disruptive behavior or as provided by law. If a parent appears for the advisory hearing and the court orders that parent to personally appear at the adjudicatory hearing for the petition for termination of parental rights, stating the date, time, and location of said hearing, then failure of that parent to personally appear at the adjudicatory hearing shall constitute consent for termination of parental rights.
(e) Examination of Child. The court may hear the testimony of the child outside the physical presence of the parties as provided by rule 8.255. Counsel for the parties shall be present during all examinations. The court may limit the manner in which counsel examine the child.
(f) Previous Testimony Admissible. To avoid unnecessary duplication of expenses, in-court testimony previously given at any properly noticed hearing may be admitted, without regard to the availability of the witnesses, if the recorded testimony itself is made available. Consideration of previous testimony does not preclude the parties from calling the witness to answer supplemental questions.
(g) Joint and Separate Hearings. When 2 or more children are the subject of a petition for termination of parental rights, the hearings may be held simultaneously when the children are related to each other or involved in the same case, unless the court orders separate hearings.
(h) Motion for Judgment of Dismissal. In all termination of parental rights proceedings, if at the close of the evidence for the petitioner the parents move for a judgment of dismissal and the court is of the opinion that the evidence is insufficient to sustain the grounds for termination alleged in the petition, it shall enter an order denying the termination and proceed with dispositional alternatives as provided by law.
(i) Final Judgment.
(Al) Terminating Parental Rights. If the court finds after all of the evidence has been presented that the elements and one of the grounds for termination of parental rights have been established by clear and convincing evidence, the court shall enter a final judgment terminating parental rights and proceed with disposi-tional alternatives as provided by law. The order must contain the findings of fact and conclusions of law upon which the decision was based. The parties may stipulate, or the court may order, that parents or relatives of the parent whose rights are terminated be allowed to maintain some contact with the child. If the court orders continued contact, the nature and frequency of such contact must be set forth in a written order. The visitation order may be reviewed on motion of any party, including a prospective adoptive parent, and *242 must be reviewed by the court at the time the child is adopted.
(R2) Denying Termination of Parental Rights. If the court finds after all of the evidence has been presented that the grounds for termination of parental rights have not been established by clear and convincing evidence, but that the grounds for dependency have been established by a preponderance of the evidence, the court shall adjudicate or readjudicate the child dependent and proceed with dispositional alternatives as provided by law.
(CS) Dismissing Petition. If the court finds after all of the evidence has been presented that the allegations in the petition do not establish grounds for dependency or termination of parental rights, it shall enter an order dismissing the petition.
RULE 8.635. PROCESS
(a) Summons and Subpoenas.
(1) Summons. Upon the filing of a petition, the clerk shall issue a summons. The summons shall require the person on whom it is served to appear for a hearing at a time and place specified. Except in cases of medical emergency, the time of hearing shall not be less than 24 hours after service of the summons. If the child is not detained by an order of the court, the summons shall require the custodian to produce the child at the said time and place. A copy of the petition shall be attached to the summons.
(2) Subpoenas. Upon the application of a party, the clerk shall issue, and the court on its own motion may issue, subpoenas requiring attendance and testimony of witnesses and production of records, documents, or other tangible objects at any hearing. This subdivision shall not in any way limit the state attorney’s power to issue subpoenas.
(3)Service. The summons and other process shall be served upon such persons and in such manner as required by law. If the parents or custodian are out of the state and their address is known, the clerk shall give them notice of the proceedings by mail. Service of process may be waived. Authorized agents of the Department of Juvenile Justice may also serve summons and other process upon such persons and in such manner as required by law.
(b) Service of Pleadings and Papers.
(1) When Required. Unless the court orders otherwise, every pleading subsequent to the initial petition, every order, every written motion, unless it is one as to which hearing ex parte is authorized, and every written notice filed in the case shall be served on each party; however, nothing herein shall be construed to require that a plea be in writing or that an application for witness subpoenas be served.
(2) How Made. When service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court. Service upon the attorney or party shall be made by delivering a copy to the attorney or party or by mailing it to the attorney or party’s last known address or, if no address is known, by leaving it with the clerk of the court. Service by mail shall be complete upon mailing. Delivery of a copy within this rule shall mean:
(A) handing it to the attorney or the party;
(B) leaving it at the attorney’s office with the person in charge thereof;
(C) if there is no one in charge of the office, leaving it in a conspicuous place therein; or
(D) if the office is closed or the person to serve has no office, leaving it at *243 the party’s usual place of abode with some person of the family above 15 years of age and informing such person of the contents thereof; or
(E) transmitting it by facsimile to the attorney’s or party’s office with a cover sheet containing the sender’s name, firm, address, telephone number, and facsimile number, the number of pages transmitted, and the recipient’s facsimile number. When service is made by facsimile, a copy shall also be served by any other method permitted by this rule. Facsimile service occurs when transmission is complete.
(3) Filing. All original papers, copies of which are required to be served upon parties, must be filed with the court either before service or immediately thereafter.
(4) Filing with Cowrt Defined. The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of court except that the court may permit the papers to be filed with it in which event the filing date shall be noted thereon and they shall be transmitted to the office of the clerk.
(5)Certificate of Service. When any authorized person shall in substance certify:
“I certify that a copy/copies has/have been furnished to (insert name or names) by (delivery) (mail) (fax) on (date).
Title”
this certificate shall be taken as prima facie proof of such service in compliance with the rules of court and law. The certificate must be signed by the attorney of record, clerk or deputy clerk, judicial assistant, or judge.
FORM 8.929. DETENTION ORDER DETENTION ORDER THE COURT finding that. (name of child) .was taken into custody .a.m/p.m. on.(date)., and having reviewed all available information, that probable cause.exists/must be further determined .to believe the child is delinquent within the meaning of the laws of Florida, and FURTHER FINDING that the child is alleged to have committed: .an offense that involves the use of a firearm, as defined in F. S. 790.001. .an offense during the commission of which the child possessed a firearm. .escape or absconding. .a violation of probation or conditional release. .a delinquent act and has requested in writing through legal counsel to be detained for protection from imminent physical threat to his/her safety. .a capital life felony, life felony, or second degree felony that does not involve a violation of F.S. Chapter 893 (Drug Abuse Prevention and Control). .a violent third degree felony. . a second degree or third degree felony involving a violation of F.S. Chapter 893. .a third degree felony that is not also a crime of violence, and has .a record for failure to appear at court hearings after being properly notified. .a record of law violations prior to court hearings. .been detained or has been released and is awaiting final disposition of the case
*244 [[Image here]]
*245 [[Image here]]
[[Image here]]
[[Image here]]
*246 [[Image here]]
[[Image here]]
[[Image here]]
*247 [[Image here]]
*248 [[Image here]]
[[Image here]]
*249 [[Image here]]
*250 [[Image here]]
*251 [[Image here]]
*252 [[Image here]]
*253 [[Image here]]
*254 [[Image here]]

. On November 3, 1998, the voters of the State of Florida passed Revision 7 which amended article V of the Florida Constitution. Revision 7 made significant changes in the way the Florida courts are to be funded under article V, section 14 of the Florida Constitution. The revision clarifies which portions of the judicial system will be the funding responsibility of the State, and which will be the funding responsibility of the counties. The Legislature intends for the amendment to article V, section 14 to be effectuated on or before July 1, 2004. See § 29.003(5), Fla. Stat. (2001).

. We further note the comment filed by the Honorable Kathleen Dekker, Circuit Judge of the Second Judicial Circuit, emphasizing that different parts of a case should not be broken up between a general master and an assigned judge or between different judges. According to Judge Dekker, having one individual hear the child's case and the family's case from start to finish would ensure that the needs of the child and his or her family will be met with consistency, both as to procedure and imposition of philosophy on matters involving discretion. We agree with Judge Dekker that such consistency within the proceedings is desirable, and should be maintained whenever possible. Indeed, this position is consistent with the concept of the model family court adopted by this Court. See In re Report of Family Court Steering Committee, 794 So.2d 518, 521 (Fla.2001) ("We emphasize our support for the recommendation that there be a means to assign all family court matters that affect one family ... to one judge.”). Although we feel this issue needs to be addressed, we conclude that the feasibility of this laudable goal should be considered and evaluated in the context of the Revision 7 implementation.

. We thank the Department of Juvenile Justice for its comment filed regarding these legislative changes.