NESBITT, Judge.
The mother appeals an order adjudicating her child a dependent of the state. We reverse.
HRS filed a dependency petition alleging that the parents of the child had abused and neglected her and specifically that the father had sexually abused the child. The father was enjoined from any contact with the child and the child remained in the custody of the mother (who was then living separately from the father). A report hearing was set for February 5, 1985. At this hearing, the state filed its second amended dependency petition which specifically indicated that the mother had no involvement in the sexual abuse charges. When it became apparent that the court was going to adjudicate on the merits at this “report” hearing, the mother’s counsel moved for a continuance so she could properly prepare for an adjudicatory hearing. This motion was not ruled upon. The father entered a plea of consent to the petition. Based on this fact alone, the court adjudicated the child dependent. The court heard no testimony and read none of the reports prior to its ruling. The mother objected to the denial of her right to be heard on the allegations and she never consented to the dependency of her child.
The consent to dependency of a child by one parent does not affect the right of the other parent to continue in his or her parental role. Where One of the parents continues to deny the allegations in the dependency petition, an adjudicatory hearing must be held. § 39.408, Fla.Stat. (Supp.1984). The court failed to consider any evidence and, thus, made no findings of fact on the allegations against the mother. The trial court’s action in adjudicating the child dependent under the circumstanc *46 es of this case violated various provisions of chapter 39 of the Florida Statutes, and denied the mother due process rights guaranteed to her under the United States and Florida constitutions. U.S. Const, amend XIV, § 1; art. I, § 9, Fla. Const.; § 39.408, Fla.Stat. (Supp.1984); § 39.409, Fla.Stat. (1983); A.T.P. v. State, 427 So.2d 355 (Fla. 5th DCA 1983); A.Z. v. State, 383 So.2d 934 (Fla. 5th DCA 1980). See also § 39.001(2)(d), Fla.Stat. (1983); In re A.D.J., 466 So.2d 1156 (Fla. 1st DCA 1985).
Accordingly, the adjudication of dependency is reversed and the cause remanded for further proceedings.