DAVIS, Judge.
E.C.M. challenges the circuit court’s order requiring him to pay $1829 in restitution. We reverse because the trial court imposed restitution without offering E.C.M. counsel or determining that he voluntarily waived his right to counsel.
Section 985.203(1), Florida Statutes (2000), provides:
A child is entitled to representation by legal counsel at all stages of any proceedings under this part.... A child shall be represented by legal counsel at all stages of all court proceedings unless the right to counsel is freely, knowingly, and intelligently waived by the child. If the child appears without counsel, the court shall advise the child of his or her rights with respect to representation of court-appointed counsel.
Additionally, Florida Rule of Juvenile Procedure 8.165(b)(4) states:
If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the party appears without counsel.
“To establish that a person has knowingly and voluntarily waived his right to counsel, the state must prove ‘an intentional relinquishment or abandonment of a known right or privilege.’” J.G.S. v. State, 435 So.2d 942, 943 (Fla. 2d DCA 1983) (quoting Brewer v. Williams, 430 U.S. 387, 404, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977)).
At E.C.M.’s November 22, 2000, arraignment, he executed a written waiver of counsel, which read “I don’t want a lawyer for this hearing.” (Emphasis added.) At the February 20, 2001, restitution hearing the trial court did not advise E.C.M. of his right to counsel. This was error. See Hodas v. State, 603 So.2d 21 (Fla. 4th DCA 1992).
Additionally, E.C.M. did not intentionally relinquish or abandon his known right to counsel at the restitution hearing. The record reflects that when the trial court asked E.C.M. if he was represented by counsel, the clerk answered, “Not in this case,” but E.C.M. said nothing.
Accordingly, we reverse the restitution order and remand for a new restitution hearing at which E.C.M. will be advised of his right to counsel.
Reversed and remanded.
NORTHCUTT, J., and THREADGILL, EDWARD F., Senior Judge, Concur.