MONACO, J.
K.E.N. appeals an order by which she was adjudicated delinquent and committed to a high-risk residential program. Because the trial court failed to adhere to the requirements of Rule 8.165(b), Florida Rules of Juvenile Procedure, regarding the *1177 requirements under which a court may accept the waiver of a juvenile to the right of counsel, we reverse.
K.E.N. was placed on probation with the Department of Juvenile Justice for falsely reporting a bomb at school. When she was taken into custody for that offense, her book bag was searched and brass knuckles were found. She was additionally charged with possession of a weapon on school grounds, pled no contest, and was placed on probation for this offense, as well.
Six months later, the State filed a petition for delinquency alleging that K.E.N. committed a burglary of a dwelling with an assault or battery. Guilt of this offense would, of course, trigger a violation of probation for the previous two offenses. At a plea hearing in this third case, the court[1] inquired whether K.E.N. wanted an attorney to represent her:
The Court: Are you requesting an attorney to represent you on this case?
The Defendant: No sir.
The Court: You understand you have an absolute right to be represented by an attorney. If you cannot afford to hire an attorney, I would appoint one to represent you. Do you understand that?
The Defendant: Yes, Sir.
The Court: Did you and your mom sign a waiver of counsel form or did you even get those forms?
The Defendant: No, Sir. She didn’t give me nothing.
The Court: Alright. How do you wish to plea to these charges?
The Defendant: No contest.
The Court: Okay. What I’m going to do is they’re going to give you a waiver of counsel form and a plea form. You need to review all those. You and your mom have to sign the waiver of counsel form. You have to sign the plea form and then fill out the blanks as best you can. If there are blanks you don’t know how to fill out, then just leave them blank and I’ll help you fill them out when you come back up and we’ll call this back up in a few minutes. Okay?
The Defendant: Okay. Thank you.
K.E.N. and her mother later signed the counsel waiver and plea forms. The waiver of counsel form had only a blank in the space where the nature of the delinquency was to be indicated, acknowledged that the child had a right to a lawyer, and read:
I understand this right to and offer of a lawyer and, being aware of the effect of this waiver, I knowingly, intelligently, understandingly and of my own free will now choose to and, by the signing of this waiver, do hereby waive my right to a lawyer and elect to proceed in this case without benefit of a lawyer.
At the time K.E.N. was 17 years of age and had a ninth grade education. There is no indication in the record regarding whether K.E.N. or her mother had any assistance in understanding or completing the form.
Apparently, a “mass plea” was then conducted a short time later, even though K.E.N. had already entered a plea. Only certain portions of the transcript pertaining to K.E.N. are found in the record.
The Court: Alright. We’re going to go ahead and take the pleas on the cases that were set for pretrial, as well as one of the arraignments. And what I need to do is start on my left and have each of the juveniles state their names for the record and then after the juvenile states their name for the record, I need whoev *1178 er came up state your name and what relationship you are to the child. Defendant: [K.E.N.]
K.E.N.’s Mother: [M.D.], her mother.
The Court: Alright. I know all of you have been sworn in. I just need to ask you some questions before I can accept the plea. I need the juveniles to respond out loud. They’re yes or no questions. You just—all of you need to state or respond out loud so we can hear your voices on a recording. Do all of you understand what’s going on here this afternoon?
(All answer in the affirmative).
The Court: Did all of you go over these plea forms with your attorney? I know you’re pleading without an attorney, but did everyone go over these plea forms and do you understand the information that is in them?
(All answer in the affirmative).
The Court: Did anyone promise you anything other than what was written on the plea form to get you to enter these pleas?
(All answer in the negative).
The Court: Did anyone threaten to get you to enter these pleas?
(All answer in the negative).
The Court: And is the State relying on the sworn affidavit in the court file for purposes of a factual basis for the plea? State: Yes, Your Honor.
The Court: Based on the sworn affidavits in the court files, I will find factual basis for the pleas and will accept the pleas. I need to order predisposition reports on each of these cases and set them for disposition. You’ll need to contact the Department of Juvenile Justice with the phone number that you’ll see in the paperwork you get here today. And do that tomorrow so you can set up an appointment to go in and give them the information they need for their report. Does anyone have any questions? Al-
right. You can have a seat and they’ll pass out the paperwork. Thank you.
Eventually, K.E.N. was found to have violated probation on one charge, and the State nol prossed the second violation. At the disposition hearing a newly appointed assistant public defender argued that K.E.N.’s initial waiver of counsel was not voluntary, and that K.E.N. had entered an uncounselled plea to a first-degree felony for which she had a potential defense. The circuit judge simply responded, “Anything else before I impose sentence,” and placed K.E.N. in a high risk residential treatment program until age 19.
Juveniles are entitled to assistance of counsel in delinquency proceedings. The statutory protection of this right is incorporated into Florida Rule of Juvenile Procedure 8.165. See State v. T.G., 800 So.2d 204, 210 (Fla.2001). Subsection (a) of the rule requires the court to advise the child of the child’s right to counsel, and to appoint counsel unless waived by the child at each stage of the proceeding. Subsection (b), addresses the waiver of counsel, as follows:
(1) The failure of a child to request appointment of counsel at a particular stage in the proceedings where the child’s announced intention to plead guilty shall not, in itself, constitute a waiver of counsel at any subsequent stage of the proceedings.
(2) A child shall not be deemed to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry into the child’s comprehension of that offer and the capacity to make that choice intelligently and understandably has been made.
(3) No waiver shall be accepted where it appears that the party is unable to make an intelligent and understanding choice because of mental condition, age, edu *1179 cation, experience, the nature or complexity of the ease, or other factors. (4) If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the party appears without counsel. (Emphasis supplied).
The requirement for a “thorough inquiry” recognizes that it is very doubtful that a child of limited experience can comprehend the importance of counsel. See T.G., 800 So.2d at 211, quoting P.L.S. v. State, 745 So.2d 555, 557 (Fla. 4th DCA 1999). See also A.P. v. State, 740 So.2d 1241 (Fla. 5th DCA 1999). See generally M. Berk-heiser, The Fiction of Juvenile Right To Counsel: Waiver In The Juvenile Courts, 54 Fla. L.Rev. 577 (2002). The Florida Supreme Court has advised that while the inquiry for juveniles must at least be equal to that for adults, “courts should be even more careful when accepting a waiver of counsel from juveniles.” See T.G., 800 So.2d at 211.
Moreover, this court has emphatically pointed out that Rule 8.165 is not merely procedural in nature. It contains specific guidelines to ensure that the substantive right of a juvenile to counsel is protected. See M.Q. v. State, 818 So.2d 615 (Fla. 5th DCA 2002). The inquiry is not an annoying perfunctory task. It is not to be rushed through. It requires the judge of the juvenile court to make a well-founded determination that the waiver is freely and intelligently made. See A.G. v. State, 737 So.2d 1244 (Fla. 5th DCA 1999). We held five years ago that:
A knowing and intelligent waiver of the right to counsel in a juvenile proceeding appears to require the court to: (1) inform the juvenile of the benefits he would relinquish and the danger and disadvantages of representing himself, (2) determine whether the juvenile’s choice was made voluntarily and intelligently, and (3) determine whether any unusual circumstances existed which would preclude the juvenile from exercising his right to represent himself.
See B.F. v. State, 747 So.2d 1061, 1065 (Fla. 5th DCA 2000); see also T.M. v. State, 811 So.2d 837 (Fla. 4th DCA 2002).
We have grave reservations concerning whether those tasks can ever be accomplished at a “group rights advisory.” We have no doubt, however, that the trial court failed to conduct a thorough judicial inquiry at the time that K.E.N. waived her right to counsel and entered her plea. There is very little in the record that would have enabled the trial court to assure that KE.N.’s choice was voluntarily and intelligently made, or that would have informed the court of KE.N.’s level of comprehension. We are fully cognizant of the difficulties presented by crowded dockets and the pressures that trial judges feel in order to move cases. Advising a child of the right to counsel, however, is too important to rush through. We, therefore, vacate the disposition order, and remand for further proceedings.
In light of the disposition that we make of this appeal, there is no need for us to address the other issue raised by K.E.N.
ORDER VACATED, and case REMANDED.
PLEUS and TORPY, JJ„ concur.

. The plea was taken before a different judge than the judge who eventually rendered the disposition order.