981 So.2d 463 (2008)
In re AMENDMENT TO FLORIDA RULE OF JUVENILE PROCEDURE 8.165(a).
No. SC07-1162.
Supreme Court of Florida.
May 1, 2008.
Robert W. Mason, Chair, Juvenile Court Rules Committee, Public Defender's Office, Fourth Judicial Circuit, Jacksonville, FL; John F. Harkness, Jr., Executive Director, The Florida Bar, Tallahassee, FL, for Petitioner.
Carlos J. Martinez, Vice President, Florida Public Defender Association, Miami, FL, Responding with comments.
PER CURIAM.
This matter is before the Court for consideration of proposed amendments to the Florida Rules of Juvenile Procedure. We have jurisdiction. See art. V, § 2(a), Fla. Const.
In 2004, the Juvenile Court Rules Committee (Committee) filed its regular-cycle report proposing amendments to the Florida Rules of Juvenile Procedure. Among the proposed amendments were several amendments to rule 8.165, Providing Counsel to Parties, applicable in juvenile delinquency proceedings. Specifically, the Committee proposed amending subdivision (a), Duty of the Court, to require that a child be given a meaningful opportunity to confer with counsel before waiving his or her right to counsel and that all such waivers be in writing. The Committee also proposed new subdivision (b)(3) requiring that when a child enters a plea or is being tried for a delinquent act, the written waiver of counsel be submitted "in the presence of a parent, legal custodian, responsible adult relative, or attorney assigned by the court to assist the child, who shall verify on the written waiver that the child's decision to waive counsel has been discussed with the child and appears to be knowing and voluntary." See Fla. R. Juv. P. 8.165(b)(3). These proposals were unanimously recommended to the Committee by The Florida Bar's Commission on the Legal Needs of Children (Commission), an interdisciplinary statewide commission whose mission is to study the legal needs of children in Florida and recommend ways to help children appearing in Florida courts. The Commission's 2002 report addressed the legal needs of children according to five priority areas: (1) representation; (2) treatment and services; (3) confidentiality; (4) education and the role of The Florida Bar; and (5) technology and the court. With regard to representation, the Commission adopted the Representation Subcommittee's Report, which made a number of recommendations to improve the representation of children in Florida courts. The Commission noted that a disturbing number of children waive their right to counsel in delinquency proceedings *464 and drafted the proposed amendments to rule 8.165(a) to provide standards to be used before a child in delinquency proceedings may waive his or her right to counsel. Final Report of The Florida Bar Commission on the Legal Needs of Children 5, 12-13, appendix A (2002).[1] Additionally, both the Steering Committee on Families and Children in the Court (Steering Committee) and the Florida Public Defender Association (FPDA) supported the proposals. After considering the Committee's report and hearing oral argument, the Court adopted the amendment to rule 8.165(a) requiring all waivers of counsel to be in writing, as well as new subdivision (b)(3). However, the Court ultimately deferred consideration of the proposed amendment requiring prewaiver consultation with an attorney, stating:
Although we believe that consultation with an attorney prior to waiving counsel is an important additional safeguard designed to protect a juvenile's constitutional right to counsel, we are also mindful of the potential financial impact of this requirement. We note that one of the recommendations of the representation subcommittee that was adopted by the full Commission on the Legal Needs of Children was to encourage efforts seeking legislative changes that would "create" a right to a prewaiver consultation and authorize the public defender to provide the required consultation. In fact, in its June 2002 Final Report, the Commission specifically recommended:
5. Florida law should specifically create a right for children to consult counsel, short of outright appointment for the duration of the case, in the following instances:
a. Regarding waiver of counsel or other right or legal interest in a delinquency proceeding, prior to the appointment of the Public Defender by a judge, or at any time thereafter where waiver is sought;
. . . .
6. Florida law should specifically authorize the Public Defender to provide the consultation services outlined in # 5 above. This recommendation would necessitate the legislature appropriating additional funds for the Public Defender to adequately provide consultation services.
These two recommended changes in the law could be made by amending sections 985.203(1) and 27.51, Florida Statutes (2004).
Because of the potential financial impact of the amendment to rule 8.165(a) regarding consultation with attorneys and our desire to work cooperatively with the Legislature, we urge the Legislature to consider the Commission's recommendations. We also strongly urge that the voluntary practice that exists in many jurisdictions in which consultation with an attorney takes place be continued and, where possible, expanded in the interim.
We thus decline to adopt at this time the portion of rule 8.165(a) regarding consultation with an attorney prior to a waiver. We emphasize that we are not rejecting this proposed amendment to rule 8.165(a), but are merely deferring its consideration. We intend to readdress the adoption of the amendment to rule 8.165(a) at a future time following the conclusion of the legislative session. We further take this opportunity to reinforce that it is critical for delinquency judges to ensure that any waiver of counsel by a child is knowingly and voluntarily *465 given, especially prior to accepting a plea of guilty or nolo contendere.
Amendments to Fla. Rules of Juv. Pro., 894 So.2d 875, 880-81 (Fla.2005).
Subsequently, given the Court's concerns regarding the potential financial impact on the public defenders of requiring a prewaiver consultation with counsel, the Court directed the Committee to seek input from the FPDA concerning this issue. Further, in 2005, the National Juvenile Defender Center (NJDC) conducted an assessment of children's access to counsel in delinquency proceedings in Florida and issued a report. This report made some sobering observations. The NJDC reported that (1) even very young children in Florida's courts routinely waive counsel, sometimes with subtle encouragement from judges; (2) that this is done without counsel being present or any meaningful discussion of the potential long term disadvantages; (3) that the rule requiring a written waiver is generally followed, but seems to be regarded as a substitute for a meaningful inquiry into the child's understanding; (4) that the rule requiring consultation with an adult about the waiver decision is "routinely flouted," and (5) that consultation with a parent may also be an inadequate safeguard, given the other subtle disincentives for exercising the right to counsel, such as indigence and application fees, surcharges, complex application forms, and inadequate oversight of indigence determinations by judges. Patricia Puritz & Cathryn Crawford, National Juvenile Defender Center, Florida: An Assessment of Access to Counsel and Quality of Representation in Delinquency Proceedings 3 (2006), available at http://www. njdc.info/pdf/Florida% 20Assessment.pdf. The NJDC's report also made the following specific recommendation:
Further restrictions on waiver of counsel must be established consistent with national standards. Youth should not be permitted to waive counsel without prior consultation with such counsel. Counsel should assist the client in making an informed, knowing and voluntary choice and stand-by counsel should be available in the event of waiver. It is imperative that youth understand the long-term consequences of a juvenile adjudication.
Id. at 4.
Accordingly, on June 22, 2007, the Committee resubmitted the proposed amendment to rule 8.165(a) to the Court. The Committee's report states that the FPDA continues to support the proposed amendment and believes there would be only minimal fiscal impact as a result of public defenders providing a prewaiver consultation in juvenile dependency proceedings. Additionally, the Committee notes that several bills in accordance with the Commission's recommendations were introduced in subsequent legislative sessions,[2] and although these bills ultimately failed to pass, the staff analyses for several of them, relying upon representations of the FPDA, noted minimal fiscal impact.[3] The *466 proposed rule amendment at issue passed the Committee by a vote of fourteen to five, and was approved by the Executive Committee of The Florida Bar Board of Governors by a unanimous vote of ten to zero.
After submission to the Court, the proposed amendment was published for comment in the July 15, 2007, edition of The Florida Bar News. One comment was received from the FPDA in favor of the proposed amendment. In its comment, the FPDA expressly agreed to provide the consultation services required by the proposed amendment. The FPDA also represented that it believes the fiscal impact of requiring a prewaiver consultation will be minimal, and the resulting increase in caseloads that may occur in some circuits if more children decide not to waive their right to counsel will not be unduly burdensome. The FPDA states that "[m]ost [public defender] offices will be able to absorb the increases within current staffing levels or with the addition of a minimal number of positions." Finally, the FPDA requests that the Court balance any potential financial impact against the likelihood that, if the amendment to the rule is adopted, there will be fewer reversals on appeal in cases in which a child has not received legal counsel.
After considering the Committee's report and the FPDA's comments, we adopt the amendment to rule 8.165(a) as proposed by the Committee. We adopt the amendment because we agree with the Committee, the Commission, the Steering Committee, the FPDA, and the NJDC that consultation with an attorney prior to waiving counsel is an important and necessary procedural safeguard designed to protect a juvenile's constitutional right to counsel.
The substantive right to counsel for children in juvenile delinquency proceedings is firmly established under the United States Constitution and Florida Statutes. In re Gault, 387 U.S. 1, 36, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); § 985.033(1), Fla. Stat. (2007) (stating that a child is entitled to representation by legal counsel at all stages of any delinquency proceeding). Florida courts have a duty to protect that right. Florida Rule of Juvenile Procedure 8.165 governs the appointment and waiver of counsel in juvenile delinquency proceedings. This rule "contains specific guidelines to ensure that the substantive right of a juvenile to counsel is protected." K.E.N. v. State, 892 So.2d 1176, 1179 (Fla. 5th DCA 2005). Part of protecting and effectuating a child's right to counsel in juvenile delinquency proceedings is ensuring that a waiver of that right by the child is knowing and voluntary. This Court has noted that "[i]t is extremely doubtful that any child of limited experience can possibly comprehend the importance of counsel." State v. T.G., 800 So.2d 204, 211 (Fla.2001) (quoting P.L.S. v. State, 745 So.2d 555, 557 (Fla. 4th DCA 1999)). Especially given the observations brought to light by the NJDC's assessment of children's access to counsel in delinquency proceedings in our courts, it is clear that additional safeguards are needed. Accordingly, we conclude that a meaningful opportunity to consult with counsel before waiving the right to counsel is a necessary step in effectuating and protecting the child's substantive right to counsel.
*467 Accordingly, we hereby adopt the amendment to rule 8.165(a) as set forth in the appendix to this opinion. Additions are indicated by underscoring; deletions are indicated by struck-through type. The amendment shall become effective on July 1, 2008, at 12:01 a.m.
It is so ordered.
LEWIS, C.J., and ANSTEAD, PARIENTE, and QUINCE, JJ., concur.
BELL, J., dissents with an opinion, in which WELLS and CANTERO, JJ., concur.
BELL, J., dissenting.
Although I fully agree that the problem of juveniles waiving their right to counsel and entering pleas without an adequate understanding of the implications of that decision is a substantial issue that must be confronted, I cannot agree with the amendment to rule 8.165(a). Essentially, this amendment creates a new, unwaivable right in all juveniles to a prewaiver consultation with counsel. Such a change is clearly substantive, not procedural.[4] And, given the complete absence of any substantive law upon which to base this new rule, I do not believe we can or should use our procedural rulemaking authority to impose such a sweeping mandate. To do so puts the proverbial cart before the horse.
On January 27, 2005, we approved all but one of the Juvenile Court Rules Committee's 2004 recommended changes to the Rules of Juvenile Procedure. Among the approved changes was an amendment to rule 8.165(a) requiring that any waiver by a child of the right to counsel be in writing. Rule 8.165(b)(3) was also added to require that (1) the written waiver of counsel be submitted to the court in the presence of a parent, legal guardian, responsible adult relative, or attorney assigned by the court to assist the child; and (2) this individual must verify that the child's decision to waive counsel has been discussed and appears to be knowing and voluntary.
The only rule change recommended by the Committee that we declined to adopt in January 2005 was the proposed amendment to rule 8.165(a) that, in addition to the above changes, would mandate that every child consult with an attorney prior to the court accepting a waiver of the right to counsel. The reasons we gave at the time for declining to adopt this mandate were "[b]ecause of the potential financial impact of the amendment . . . and our desire to work cooperatively with the Legislature." Amendments to the Fla. Rules of Juvenile Procedure, 894 So.2d 875, 880-81 (Fla.2005). Now, the majority has decided to go ahead and adopt this amendment to rule 8.165(a).
Instead of imposing this substantive change by amending a procedural rule, I believe we should continue to follow the recommendation of the Commission on the Legal Needs of Children (the Commission) and, as we did in January of 2005, encourage efforts seeking legislative changes that would (as the Commission properly stated) *468 "create" this new right to a prewaiver consultation and authorize the public defender to provide the required consultation. The Commission recommended changes in Florida law, not in our rules of procedure. The Commission rightly understood that a substantive change in the law would be required in order to address the problem of uncounseled waivers of the right to counsel.[5] As we noted in our prior opinion, in its June 2002 Final Report, the Commission specifically recommended that
5. Florida law should specifically create a right for children to consult counsel, short of outright appointment for the duration of the case, in the following instances:
a. Regarding waiver of counsel or other right or legal interest in a delinquency proceeding, prior to the appointment of the Public Defender by a judge, or at any time thereafter where waiver is sought;
. . . .
6. Florida law should specifically authorize the Public Defender to provide the consultation services outlined in # 5 above. This recommendation would necessitate the legislature appropriating additional funds for the Public Defender to adequately provide consultation services.
Amendments to Fla. Rules of Juvenile Procedure, 894 So.2d at 880 (emphasis added). "These two recommended changes in the law could be made by amending sections 985.203(1) and 27.51, Florida Statutes (2004)." 894 So.2d at 880.
Legislative enactment of the Commission's recommended changes to the statutory law would provide the requisite basis for this Court to amend rule 8.165. This change in law also could come from a change in the case law. Unfortunately, no such change in the law has occurred. And, absent any case holding that such prewaiver consultations are constitutionally or statutorily required, seeking the statutory changes recommended by the Commission remains the only proper means to address this serious public policy issue. Indeed, this is the only means that properly respects *469 the separation of powers mandated by article II, section 3 of the Florida Constitution. See Boyd v. Becker, 627 So.2d 481, 484 (Fla.1993) ("While the Florida Constitution grants this Court exclusive rule-making authority, this power is limited to rules governing procedural matters and does not extend to substantive rights.") (citing art. V, § 2(a), Fla. Const.).
Seeking a change in Florida law is not only the approach the Commission recommended to solve the problem but also the approach that resolves the concerns raised by both the minority report of the Juvenile Court Rules Committee and the Supreme Court's Steering Committee on Families and Children in the Courts (SCFCC). The minority report dissents from this rule amendment because of the belief that the change is substantive, not procedural. The SCFCC raised similar concerns.
Unwilling to await the necessary change in substantive law, the majority has decided to go ahead and impose this significant change in a rules case. The majority's rationale for doing so rests in large part upon three factors occurring since our January 27, 2005, decision:
1. The Florida Public Defenders Association continues to support the change. And, the FPDA believes the change will have minimal fiscal impact;
2. In its 2005 report, the National Juvenile Defender Center (NJDC) recommends this change. (The NJDC is a juvenile defense bar advocacy group that describes itself as "created in 1999 to respond to the critical need to build capacity of the juvenile defense bar and to improve access to counsel and quality of representation for children in the justice system.)" National Juvenile Defender Center, About Us, http://www. njdc.info/about_us.php; and
3. Proposed legislation supporting this substantive change in the law failed to pass during the 2006 and 2007 Florida legislative sessions.
These three factors are an insufficient basis for this Court to usurp the legislative prerogative to make this policy decision and to impose the change in a rules case.
Awaiting appropriate changes in the substantive law does not mean that the problem of inappropriate waivers of the right to counsel by juveniles cannot be addressed by the judicial system. As the proponents of this rule amendment explained at oral argument, prewaiver consultations with counsel are currently a common, voluntary procedure in many areas of the state. These voluntary procedures are guided by the discretion of the local trial judge and the cooperative efforts of the public defenders, state attorneys, and the local bar. Until there is a substantive change in the law, I believe every effort should be made to encourage all juvenile judges, state attorneys, public defenders, and local bar associations to adopt similar means to assist the trial judge in assuring that any juvenile who waives the right to counsel does so freely, voluntarily, and knowingly.
In addition to these internal efforts, it is also appropriate to pursue changes in the substantive law. Those who are convinced that the creation of this new right to a prewaiver consultation is the best public policy should continue to urge the Legislature to adopt the Commission's recommendations and make the funds available to hire any additional public defenders necessary to provide these additional services. Otherwise, the change would have to come in an appropriate case. But, until the substantive law is changed, this Court should not use its rule-making authority to, as the Commission phrased it, "create" an unwaivable right to a prewaiver consultation with counsel. In other words, until the substantive law is changed, we should *470 not unilaterally transform these voluntary efforts across the state into a new "duty and right."
Finally, I must raise one significant, ancillary point of concern about the inevitable, unintended consequences of this new mandate. The creation of this new, unwaivable right to a prewaiver consultation with counsel will spawn significant collateral issues not addressed by the proponents or the majority. The proponents posit that the prewaiver consultations will result in fewer reversals on direct appeal. This might be true. However, this argument ignores the reality that the conversion of what is now a voluntary procedure into a mandatory one also will generate collateral challenges to the adequacy of the prewaiver consultation afforded by the "consulting counsel." This newly created "consulting counsel" will not have the typical attorney-client relationship with the child. The nature of this new relationship and the scope of duties expected of this "advisory counsel" will have to be developed by case law. Moreover, when a child (who at the time of his collateral proceeding will often have become an adult) challenges the nature and scope of any advice given by his "consulting counsel," ascertaining what actually transpired between the two will be subject to an uncertainty of proof even greater than the troubling uncertainties our courts presently confront in collateral proceedings where there is an established attorney-client relationship.
In summary, the problem of juvenile waivers of counsel is a significant issue that should be addressed by appropriate means. And, if we are to convert the current voluntary procedures into mandatory ones, there should first be a change in the statutory or case law. Once this substantive change is achieved, this amendment to rule 8.165(a) would be appropriate. However, until this substantive right to a prewaiver consultation with counsel is created by a substantive change in the law, it is inappropriate for this Court to amend this procedural rule.
For the reasons stated above, I dissent to this one amendment.
WELLS and CANTERO, JJ., concur.

APPENDIX
RULE 8.165. PROVIDING COUNSEL TO PARTIES
(a) Duty of the Court. The court shall advise the child of the child's right to counsel. The court shall appoint counsel as provided by law unless waived by the child at each stage of the proceeding. Waiver of counsel can occur only after the child has had a meaningful opportunity to confer with counsel regarding the child's right to counsel, the consequences of waiving counsel, and any other factors that would assist the child in making the decision to waive counsel. This waiver shall be in writing.
(b) [No change]
NOTES
[1] The proposals submitted to the Court by the Juvenile Court Rules Committee were almost identical to the proposed amendments drafted by the Commission.
[2] See Fla. SB 88 (2007) (died in Juvenile Justice Committee); Fla. HB 53 (2007) (withdrawn prior to introduction); Fla. HB 7 (2007) (died in Juvenile Justice Committee); Fla. SB 526 (2006) (passed by Senate but died in House Judiciary Committee); Fla. CS for SB 1218 (2005) (died in Senate Judiciary Committee).
[3] See Fla. S. Comm. on Judiciary, SB 88 (2007) Staff Analysis 3-4 (Mar. 7, 2007) (on file with comm.); Fla. S. Comm. on Crim. Just., SB 88 (2007) Staff Analysis 3-4 (Feb. 1, 2007) (on file with comm.); Fla. S. Comm. on Crim. Just., SB 526 (2006) Staff Analysis 2-3 (Jan. 6, 2006) (on file with comm.); Fla. S. Comm. on Crim. Just., CS for SB 1218 (2005) Staff Analysis 2-3 (Apr. 7, 2005) (on file with comm.). Of course, as acknowledged in these staff analyses, the potential fiscal impact that cannot be determined is that which may occur if more children decide not to waive their right to counsel as a result of the prewaiver consultation. The staff analyses noted that according to the FDPA, in large circuits like the Fourth (Jacksonville), the Eleventh (Miami), and the Thirteenth (Tampa) there would be no impact because the common practice is to appoint a public defender to almost all indigent children. Other circuits that do not have this practice could realize a significant increase in caseloads.
[4] This Court has defined substantive law, procedural law, and judicial procedural rules as follows:

Substantive law prescribes the duties and rights under our system of government. The responsibility to make substantive law is in the legislature within the limits of the state and federal constitutions. Procedural law concerns the means and method to apply and enforce those duties and rights. Procedural rules concerning the judicial branch are the responsibility of this Court, subject to repeal by the legislature in accordance with our constitutional provisions.
Benyard v. Wainwright, 322 So.2d 473, 475 (Fla.1975); see also Allen v. Butterworth, 756 So.2d 52, 60 (Fla.2000) (citing In re Rules of Criminal Procedure, 272 So.2d 65, 66 (Fla. 1972) (Adkins, J., concurring)).
[5] The magnitude of a problem with unrepresented juveniles is highlighted in the June 2002 Final Report of the Florida Bar's Commission on the Legal Needs of Children. But, interestingly, the problem discussed in this report is not that unrepresented juveniles were not freely, voluntarily, and knowingly waiving their right to counsel. The problem the Commission discusses was related to waiver of counsel and recidivism. Though an important social issue, addressing the problem of recidivism is not the purpose of rule 8.165. The report does say that a preliminary finding that children entitled to legal representation in delinquency cases often waived that right was "[a]larming to many commissioners." Final Report of the Florida Bar's Commission on the Legal Needs of Children 7 (2002). However, when this statement is viewed in context, the substance of the presentation being discussed relates to preliminary research on the relationship between recidivism and waiver of counsel. Two university researchers shared with the Commission their preliminary findings on juveniles transferred to adult court who have no lawyer because they have waived their constitutional right to counsel. What these researchers found was that

[a]bout five percent of the transfers (to adult court) and about 23 percent of juvenile retainees with relatively serious offenses had no counsel of record. There is a representation issue that might be important to look into a little more, and it ties with recidivism. Be careful. The controls haven't been done. But preliminary results show that among the transfers to adult court who didn't have counsel, 70 percent of them re-offended. And 44 percent of the juvenile justice retainees re-offended when they didn't have counsel. In both instances, this is the highest percentage of re-offense. Failure to have counsel or legal representation is linked, at least at this basic analysis, to higher rates of recidivism.
Id.