PER CURIAM.
The appellant, K.S., challenges an order adjudicating her children dependents of the state. We reverse.
At the arraignment hearing on the Department of Children and Families’ petition for dependency of the appellant’s children, the father entered a written consent to the dependency of the children. Although the appellant requested an eviden-tiary hearing on dependency consistent with the requirements of section 39.507(7)(b), Florida Statutes, the trial court did not conduct a hearing and issued a final order adjudicating the children dependent based only on the consent of the father without providing written findings. The appellees properly concede error in this ease.
We hold that the trial court’s order of dependency based only on the consent of
*1290 the father without an evidentiary hearing and without written findings is contrary to the law. See Monteiro v. State, 477 So.2d 45, 45-46 (Fla. 3d DCA 1985) (holding that “consent to the dependency of a child by one parent does not affect the right of the other parent to continue in his or her parental role”). We, therefore, REVERSE and REMAND.
ROWE, MARSTILLER and SWANSON, JJ., concur.